# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GREGORY P. SPATA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Cause No.: 2:13-CV-490-PRC |
| NAPLETON AUTO WERKS OF<br>INDIANA, INC.,<br>    Defendant. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Compel Discovery [DE 16], filed on January 14, 2015. Defendant also filed a Local Rule 37-1 certification that it had conferred in good faith with Plaintiff's counsel in an attempt to resolve this dispute without court action. Plaintiff has not filed a response, and the time to do so has passed.

This is a wrongful termination suit brought under the Family and Medical Leave Act. The case is currently in the discovery phase. Defendant represents that on September 8, 2014, it served Plaintiff with Interrogatories and Requests for Production as part of its attempt to determine the basis of Plaintiff's claims of employment discrimination. Plaintiff has not served Defendant with the requested discovery materials.

Over the last few months, Defendant represents that it has contacted Plaintiff's attorney, Michael Rappa, a number of times in an attempt to get the past-due discovery materials without court action. Most recently, Plaintiff's counsel represented that responses would be provided by December 19, 2014. That date came and went without Plaintiff taking any action. Defendant now asks that the Court order Plaintiff to serve it with responses to its Interrogatories and Requests for Production within seven days of this Court's Order on the motion.

The matter is well taken. Plaintiff has failed to provide timely discovery responses and has

not responded to this motion. *See* Fed. R. Civ. P 37(a). The Court therefore **GRANTS** Defendant's Motion to Compel Discovery [DE 16] and **ORDERS** Plaintiff to serve Defendant with Answers to Defendant's Interrogatories and Responses to Defendant's Request for Production by February 13, 2015.

The Motion does not ask for attorney fees. However, Federal Rule of Civil Procedure 37 states that, under most circumstances, fees and costs *must* be awarded to the prevailing party. Fed. R. Civ. P. 37(a)(5). There are a few exceptions to this rule, and the Court may only award fees after the losing side has had an opportunity to be heard on the issue. *Id.* The Court therefore sets this matter for further briefing. Any objection to the award of attorney fees incurred by Defendant in the litigation of this motion must be filed by February 13, 2015. Any response must be filed by February 23, 2015.

SO ORDERED this 4th day of February, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record