# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GREGORY P. SPATA,<br>    Plaintiff,<br><br>v.<br><br>NAPLETON AUTO WERKS OF<br>INDIANA, INC.,<br>    Defendant. | Cause No.: 2:13-CV-490-PRC |

## OPINION AND ORDER

This matter comes before the Court pursuant to this Court's February 4, 2015 Order on Defendant's January 14, 2015 Motion to Compel. Plaintiff did not file a response to that motion, and the Court granted it, ordering Plaintiff to serve complete responses to Defendant's written discovery requests by February 13, 2015. The motion did not ask for attorney fees. However, Federal Rule of Civil Procedure 37 states that fees and costs *must* be awarded to the prevailing party. Fed. R. Civ. P. 37(a)(5). There are a few exceptions to this rule, and the Court may only award fees after the losing side has had an opportunity to be heard on the issue. *Id.* The Court accordingly set deadlines for briefing on whether attorney fees should be awarded. Plaintiff filed a timely objection along with a notice that he had complied with the Court's Order compelling him to serve Defendant with the requested written discovery. Defendant has not filed a response, and the time to do so has passed.

Federal Rule of Civil Procedure 37 provides that if a Motion to Compel is granted—"or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Rule provides three exceptions: (i) if the motion was filed before the movant attempted in good faith to get the

discovery without court action; (ii) if "the opposing party's non-disclosure, response, or objection was substantially justified"; or (iii) if "other circumstances make an award of expenses unjust." "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party to obtain such an award." *Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999).

Plaintiff's sole objection, otherwise unsupported by legal authority, is that an award of attorney fees would be unjust, stating that he has worked to meet his obligations under the discovery rules. He contends that Defendant's discovery requests were far-reaching and that providing thorough responses required a great deal of time and effort. Plaintiff also states that his lawyer was swamped with work on other cases.

However, as discussed in this Court's Order on the Motion to Compel, Plaintiff received numerous informal extensions and kept telling Defendants that he would provide complete responses. But he only did so after this Court ordered him to. Further, Plaintiff provides no reason for why he did not respond to the Motion to Compel.

Plaintiff has not met his burden of showing that it would be unjust to award attorney fees. His arguments would have been better raised in seeking extra time to serve Defendant with discovery responses. As it stands now, Plaintiff has shown only what is often true in litigation, namely, that discovery was detailed and time-consuming and that his lawyer was busy. These are perhaps unfortunate realities, but they do not make an award of fees unjust.

Plaintiff's objection is accordingly **OVERRULED**. The Court **AWARDS** Defendant reasonable attorney fees and costs incurred in making the Motion to Compel. The Court **ORDERS** Defendant's attorney to file an affidavit detailing the costs and fees incurred in litigating the motion

by March 20, 2015. Plaintiff may file an objection by March 30, 2015, and, if an objection is filed, Defendant may file a response no later than April 6, 2015. These briefs shall deal *solely* with the amount of fees.

SO ORDERED this 10th day of March, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record